1    Dennis L. Wilson (Bar No. 155407)
     dwilson@kmwlaw.com
2    David K. Caplan (Bar No. 181174)
     dcaplan@kmwlaw.com
3    Christopher T. Varas (Bar No. 257080)
     cvaras@kmwlaw.com
4    KEATS McFARLAND & WILSON LLP
     9720 Wilshire Boulevard
5    Penthouse Suite
     Beverly Hills, California  90212
6    Telephone:  (310) 248-3830
     Facsimile:  (310) 860-0363
7

8    Attorneys for Plaintiff
     Summit Entertainment, LLC
9

10

11               UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                  WESTERN DIVISION

14    SUMMIT ENTERTAINMENT, LLC, a    Case No: **CV11- 06310** ODW (SS)
     Delaware limited liability company,
15

16                Plaintiff,

17         v.

18    DAIANA SANTIA, an individual;
     HECTOR SANTIA, an individual; and
19    JOHN DOES 1-10,

20               Defendants.

**COMPLAINT FOR:**
1. **VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)**
2. **VIOLATION OF CALIFORNIA PENAL CODE § 502;**
3. **TRESPASS TO CHATTELS;**
4. **FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 501, et seq.)**

**DEMAND FOR JURY TRIAL**

21

22

23

24

25

26

27

28

                                               COMPLAINT

Plaintiff, Summit Entertainment, LLC ("Summit" or "Plaintiff"), through its attorneys, complaining of Defendants DAIANA SANTIA, HECTOR SANTIA, and JOHN DOES 1-10 (collectively "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1.     This lawsuit arises from Defendants' willful and malicious violation of the civil and criminal statutes of the United States and the State of California, including the federal Computer Fraud and Abuse Act (18 U.S.C. § 1030), California Penal Code § 502, and the federal Copyright Act (15 U.S.C. §§ 501, *et seq.*), and also from Defendants' unlawful trespass to chattels under California common law.  This Court has jurisdiction over the federal causes of action pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331, and § 1338(a).  The Court has supplemental jurisdiction over the California statutory and common law claims pursuant to 28 U.S.C. § 1367.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

2.     This Court has personal jurisdiction over Defendants, who have directed tortious acts at Summit in this District, and have committed tortious acts that they knew or should have known would cause injury to Summit in this District.

## THE PARTIES

3.     Summit is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business in Santa Monica, California.

4.     Summit owns rights in and to the feature films "The Twilight Saga: Breaking Dawn – Part I" and "The Twilight Saga:  Breaking Dawn – Part 2" including all images and elements contained therein (collectively, the "Films").  The Films, including without limitation the images and audio contained therein, are entitled to protection under federal copyright law.

5.     Summit is informed and believes and on that basis alleges that defendant Daiana Santia is an individual currently residing in the city of Posadas, Argentina.

6.     Summit is informed and believes and on that basis alleges that defendant Hector Santia is an individual currently residing in the city of Posadas, Argentina.

7.     Summit is currently unaware of the identities of defendants John Does 1-10 (the "Doe Defendants"), and therefore sues the Doe Defendants by such fictitious acronyms.  Summit is informed and believes that discovery will reveal the true identities of the Doe Defendants, and will amend this Complaint to identify the Doe Defendants by name after their identities are discovered.

8.     Summit is informed and believes and on that basis alleges that the actions alleged herein to have been undertaken by Defendants were undertaken by each Defendant individually, were actions that each Defendant caused to occur, were actions that each Defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions in which each Defendant assisted, participated or otherwise encouraged, and are actions for which each Defendant is liable.  Each Defendant aided and abetted the actions of the other Defendants, in that each Defendant had knowledge of those actions, provided assistance and benefitted from those actions, in whole or in part.  Each of the Defendants was the agent of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other Defendants.

## SUMMIT'S RIGHTS AND DEFENDANTS' UNLAWFUL CONDUCT

9.     The Films are the final films in the "The Twilight Saga" series.  The first three films in this series were "Twilight", "The Twilight Saga: New Moon", and "The Twilight Saga: Eclipse".  This series has resulted in worldwide theatrical box office receipts in excess of $1.8 billion dollars ($1,800,000,000).

10.     During the course of production of the Films, Summit has created and stored elements of the Films, including but not limited to film footage, audio and photographs (the "Content") on secure computer servers and accounts (the "Servers").

COMPLAINT

11.    Summit owns all rights in the Content, including without limitation all relevant copyrights, and strictly limits access to the Content.  Among other things, Summit utilizes various technological security measures to ensure that only authorized individuals may access the Servers to view or download the Content.  During the production of the Films, Summit has taken steps to ensure that the Content is kept strictly confidential and only releases select images and video content prior to the Films' release as part of its detailed marketing and promotion plans.

12.    Summit is informed and believes and on that basis alleges that in or about October of 2010, Defendants began attempting to access the Servers surreptitiously and without authorization, and that Defendants succeeded in gaining unauthorized access to the Servers on multiple occasions in 2010 and 2011.

13.    Summit is informed and believes and on that basis alleges that Defendants accessed, viewed and downloaded Summit's Content from the Servers without authorization, and that Defendants subsequently reproduced, altered, and distributed copies of the Content (collectively the "Infringing Material") through various means, including without limitation by email, through social networking services such as Twitter and Tumblr, and by posting the Infringing Material on various Internet websites.

14.    Defendants' creation, reproduction and distribution of the Infringing Material has been without authorization and is without Summit's consent.  Defendants have acted with willful and intentional disregard of Summit's rights, and Summit has sustained substantial and irreparable damage as a result thereof.  In light of the fact that the Defendants have copied and stolen the Content prior to the release of the Films, their conduct has been particularly damaging to Summit.

### FIRST CAUSE OF ACTION

**(Violation of Computer Fraud and Abuse Act – Against All Defendants)**

**[18 U.S.C. § 1030]**

15.    Summit refers to, repeats and realleges all allegations contained in

-3-

Paragraphs 1 through 14 of this Complaint and incorporates them by reference as though set forth in full.

16.    The Servers are involved in interstate and foreign commerce and communication, and are protected under 18 U.S.C. § 1030(e)(2).

17.    Defendants have intentionally accessed the Servers without authorization and have, through interstate or foreign communication, obtained information from the Servers in violation of 18 U.S.C. § 1030(a)(2)(c).

18.    Defendants have, knowingly and with intent to defraud, accessed the Servers without authorization, furthered the intended fraud, and obtained valuable Content in violation of 18 U.S.C. § 1030(a)(4).

19.    Defendants' actions have caused loss to one or more persons, including without limitation Summit, in a one year period aggregating at least $5,000 in value.

20.    Defendants' conduct as alleged herein has caused and will continue to cause Summit irreparable harm for which there is no adequate remedy at law, and is also causing damage to Summit in an amount which cannot be accurately computed at this time but will be proven at trial.

## SECOND CAUSE OF ACTION

### (Violation of California Penal Code § 502 – Against All Defendants)

21.    Summit refers to, repeats and realleges all allegations contained in Paragraphs 1 through 20 of this Complaint and incorporates them by reference as though set forth in full.

22.    The Servers constitute computers, computer systems, and/or computer networks for purposes of California Penal Code § 502.

23.    Defendants have knowingly accessed and without permission made use of data from the Servers in order to wrongfully control or obtain money, property, or data in violation of California Penal Code § 502(c)(1)(B).

24.    Defendants have knowingly accessed and without permission taken, copied or made use of data from the Servers in violation of California Penal Code §

-4-

COMPLAINT

502(c)(2).

25.    Defendants have knowingly and without permission used computer services in violation of California Penal Code § 502(c)(3).

26.    Defendants have knowingly and without permission provided or assisted in providing a means of accessing the Servers in violation of California Penal Code § 502(c)(6).

27.    Defendants have knowingly and without permission accessed or caused to be accessed the Servers in violation of California Penal Code § 502(c)(7).

28.    Defendants' actions as alleged herein have caused Summit to suffer damage and loss in an amount to be proven at trial.

29.    Defendants' actions as alleged herein have been oppressive, fraudulent or malicious.   Summit requests punitive or exemplary damages pursuant to California Civil Code § 3294(a) in an amount sufficient to punish and deter Defendants and to make an example of Defendants.

30.    Defendants' actions as alleged herein have caused and will continue to cause Summit irreparable harm for which there is no adequate remedy at law, and are also causing damage to Summit in an amount which cannot be accurately computed at this time but will be proven at trial.

31.    This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1367.

## THIRD CAUSE OF ACTION

### (Trespass to Chattels – Against All Defendants)

32.    Summit refers to, repeats and realleges all allegations contained in Paragraphs 1 through 31 of this Complaint and incorporates them by reference as though set forth in full.

33.    Summit has a possessory interest in the Servers.   Defendants have intentionally and without authorization interfered with Summit's possessory interest in the Servers by accessing the Servers and viewing and downloading Content from the

COMPLAINT

1  Servers without authorization.

2      34.    Defendants' conduct as alleged herein has caused and will continue to
3  cause Summit irreparable harm for which there is no adequate remedy at law, and is
4  also causing damage to Summit in an amount which cannot be accurately computed at
5  this time but will be proven at trial.

6      35.    Defendants' actions as alleged herein have been oppressive, fraudulent or
7  malicious.   Summit requests punitive or exemplary damages pursuant to California
8  Civil Code § 3294(a) in an amount sufficient to punish and deter Defendants and to
9  make an example of Defendants.

10     36.    This Court has jurisdiction over the subject matter of this claim pursuant
11 to the provisions of 28 U.S.C. § 1367.

## FOURTH CAUSE OF ACTION

### (Federal Copyright Infringement – Against All Defendants)

### [17 U.S.C. §§ 501, *et seq.*]

15     37.    Summit refers to, repeats and realleges all allegations contained in
16 Paragraphs 1 through 36 of this Complaint and incorporates them by reference as
17 though set forth in full.

18     38.    At all relevant times, Summit has owned the rights, titles, and interest in
19 and to the Content.

20     39.    Summit owns Federal Copyright Registration Nos. PAu3-521-211 and
21 PAu3-521-218 for the screenplays to the Films, and owns the copyrights in all
22 derivative works based thereon, including without limitation the Content.

23     40.    Summit has registered numerous images and clips related to the Films.  A
24 schedule listing relevant registrations and applications is attached as Exhibit 1.

25     41.    Defendants have willfully and intentionally infringed Summit's rights,
26 including each of the copyrights referenced in paragraphs 39-40, by creating,
27 reproducing and distributing the Infringing Material without Summit's consent.

28

COMPLAINT

42.     Defendants' conduct as alleged herein has caused and will continue to cause Summit irreparable harm for which there is no adequate remedy at law, and is also causing damage to Summit in an amount which cannot be accurately computed at this time but will be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Summit demands judgment against the Defendants jointly and severally, and demands that the Court grant Summit relief against the Defendants jointly and severally as follows:

1.   That the Court enter a preliminary injunction and a permanent injunction prohibiting Defendants and each of them, and all those acting in active concert or participation with them or any of them from:

    a.   Accessing the Servers or any other computers, computer systems or computer networks owned, leased, operated or controlled by Summit directly or indirectly in any manner;

    b.   Accessing, viewing, downloading, or otherwise obtaining the Content or any unreleased film, audio, photographs or other constituent elements of the Films or of any other films owned by Summit;

    c.   Perpetrating, furthering or undertaking any fraud or deceit on Summit or its employees, agents, directors, members, officers, contractors, or any other person or entity acting at Summit's direction and control, or in active concert with Summit;

    d.  Using, reproducing, distributing, selling or offering for sale, the Content, the Infringing Material, or any other Summit images or films; and

    e.   Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

2.   That the Court order Defendants and each of them to deliver to Summit, at Defendants' cost, all hard copy and electronic copies of the Content and the Infringing

1   Material, as well as any other images or films owned by Summit, or any portions or

2   modifications thereof, within the possession, custody or control of Defendants and any

3   of them, pursuant to an appropriate protocol for identifying and retrieving all

4   infringing electronically stored information within the possession, custody or control

5   of Defendants and any of them.

6        3.   That the Court order Defendants and each of them to (a) take all steps

7   necessary to recall and recover all copies of the Infringing Material that they have

8   published, distributed, or otherwise made available to any other person at any time, (b)

9   turn over such recalled and recovered copies to Summit, and (c) provide Summit with

10  all information in Defendants' possession, custody, or control which may identify

11  such recipients of the Infringing Material.

12       4.   That the Court order an award to Summit against each Defendant, for all

13  claims asserted in this complaint, as follows:

14            a.   An award to Summit of compensatory damages against Defendants and

15                 each of them, pursuant to 18 U.S.C. § 1030(g) and California Penal Code

16                 §502(e)(1), along with prejudgment and post-judgment interest;

17            b.   An award to Summit of damages against Defendants and each of them

18                 for Defendants' copyright infringement as:  (i) Summit's actual damages

19                 (including without limitation lost profits) suffered as a result of

20                 Defendants' infringement as well as Defendants' profits derived from

21                 their unlawful infringement of Summit's copyrighted works; or (ii)

22                 statutory damages of $150,000 for each infringed work as set forth in 17

23                 U.S.C. § 504, at Summit's election before the entry of a final judgment,

24                 together with prejudgment and post-judgment interest; and

25            c.   An order from the Court that Defendants and each of them account for

26                 and pay over to Summit profits realized by Defendants by reason of their

27                 unlawful acts herein alleged and the award to Summit be increased as

28                 provided by law.

COMPLAINT

5.   That the Court award Summit its costs of suit incurred herein, including its attorneys' fees and investigators' fees incurred by Summit in investigating Defendants' unlawful conduct, as provided by applicable law.

6.   That the Court retain jurisdiction of this action for the purpose of enabling Summit to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

7.   That the Court grant Summit such other and further relief as it deems just and equitable to make Summit whole for the damage caused by Defendants.

Dated: July 29, 2011

By: _____
Dennis L. Wilson
Keats McFarland & Wilson LLP
Attorneys for Plaintiff
SUMMIT ENTERTAINMENT, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY DEMAND

Plaintiff Summit Entertainment, LLC respectfully requests a jury trial on all issues so triable set forth in this Complaint.

Dated: July 29, 2011

By: _____
Dennis L. Wilson
Keats McFarland & Wilson LLP
Attorneys for Plaintiff
SUMMIT ENTERTAINMENT, LLC

COMPLAINT

# Exhibit 1

EXHIBIT 1

Select U.S. Copyright Office Applications and Registrations.

| Registration/ Preregistration/Application Number | Name of Work |
|---|---|
| VAu001070245 | GROUP REGISTRATION Photos, TSBD Camera Tests, 9 photos; unpublished |
| VAu001070246 | GROUP REGISTRATION Photos, TSBD Greenscreens A, 2 photos; unpublished |
| VAu001070249 | GROUP REGISTRATION Photos, TSBD Miscellaneous A, 2 photos; unpublished |
| VAu001070206 | GROUP REGISTRATION Photos, TSBD Screengrabs A, 24 photos; unpublished |
| VAu001070205 | GROUP REGISTRATION Photos, TSBD Screengrabs B, 7 photos; unpublished |
| VAu001070284 | GROUP REGISTRATION Photos, TSBD Unit Photography A, 3 photos; unpublished |
| VAu001070276 | GROUP REGISTRATION Photos, TSBD Wardrobe A, 8 photos; unpublished |
| VAu001070250 | GROUP REGISTRATION Photos, TSBD Wardrobe B, 4 photos; unpublished |
| VAu001070248 | TSBD Greenscreens B, 1 photo; unpublished |
| 1-630611154 | TSBD Unpublished Clip No. 1 |
| 1-631744031 | TSBD Unpublished GIF No. 1 |
| PRE 4659 | The Twilight Saga: Breaking Dawn – Part 1 |
| PRE 4661 | The Twilight Saga: Breaking Dawn – Part 2 |

Dennis L. Wilson (Bar No. 155407) dwilson@kmwlaw.com
David K. Caplan (Bar No. 181174) dcaplan@kmwlaw.com
Christopher T. Varas (Bar No. 257080) cvaras@kmwlaw.com
**KEATS, MCFARLAND & WILSON LLP**
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
Telephone:  (310) 248-3830 Facsimile:  (310) 860-0363

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company<br><br>PLAINTIFF(S),<br><br>v.<br><br>DAIANA SANTIA, an individual; HECTOR SANTIA, an individual; and JOHN DOES 1-10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-06310 ODW (SSx)<br><br><br>**SUMMONS** |

**TO:**    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiffs' attorney Dennis L. Wilson, whose address is:

> **KEATS MCFARLAND & WILSON LLP**
> 9720 Wilshire Boulevard, Penthouse Suite
> Beverly Hills, California 90212
> Telephone:  (310) 248-3830
> Facsimile:  (310) 860-0363

an answer to the ☐ **complaint** ☐ _____ **amended complaint** ☐ **counterclaim** ☐ **cross-claim** which is herewith served upon you within twenty (21) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

AUG - 1 2011

Clerk, U. S. District Court

DATE:_____

By_____
Deputy Clerk

*(Seal of the Court)*

---

CV-01A (01/01)                                           SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br><br> SUMMIT ENTERTAINMENT, LLC, <br> a Delaware limited liability company | **DEFENDANTS** <br><br> DAIANA SANTIA, an individual; <br> HECTOR SANTIA, an individual; <br> and JOHN DOES 1-10 |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Dennis L. Wilson (State Bar No. 155407) dwilson@kmwlaw.com <br> David K. Caplan (Bar No. 181174) dcaplan@kmwlaw.com <br> Christopher T. Varas (Bar No. 257080) cvaras@kmwlaw.com <br> KEATS, MCFARLAND & WILSON LLP <br> 9720 Wilshire Boulevard, Penthouse Suite <br> Beverly Hills, California 90212 <br> Telephone: (310) 248-3830 Facsimile:   (310) 860-0363 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $_____**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); Violation of California Penal code § 502; Tresspass to Chattels; and Federal Copyright Infringement (17 U.S.C. §§ 501, et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number: _____ CV11-06310_____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Summit Entertainment, LLC, Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Daiana Santia, Argentina<br>Hector Santia, Argentina | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   _____   Date   7/29/11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |