O
JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUMMIT ENTERTAINMENT, LLC,<br><br>        Plaintiff,<br><br>      v.<br><br>DAIANA SANTIA; HECTOR SANTIA; and JOHN DOES 1-10,<br><br>        Defendants. | Case No. 2:11-cv-6310-ODW(SSx)<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT [42]** |

    Before the Court is Plaintiff Summit Entertainment, LLC's Motion for Default Judgment against Defendants Daiana Santia and Hector Santia. (ECF No. 42.) Having carefully considered the papers filed in support of this Motion, the Court deems this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court **DENIES** Summit's Motion.

## I. BACKGROUND

    This action arises out of Defendants' alleged illegal access of Summit's computer servers and infringement upon Summit's registered copyrights. Summit owns rights in the feature films *The Twilight Saga: Breaking Dawn-Part 1* and *The Twilight Saga: Breaking Dawn-Part 2*. (Compl. ¶ 4.) Summit alleges that Defendants infringed 13 of its registered copyrights, which consists of images, miscellaneous video clips, and the feature films, by accessing Summit's computer servers without

authorization, obtaining the copyrighted material, and distributing them through various Internet means. (Compl. ¶ 13.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the Clerk's entry of default under Rule 55(a). Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 require that applications for default judgment set forth (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Service Member's Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2).

The district court is given discretion to decide whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint—except those pertaining to damages—are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). However, in exercising its discretion regarding entry of default, a court must consider several factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III. DISCUSSION

Summit's Motion for Default Judgment seeks judgment as to liability on each cause of action asserted in its Complaint. In terms of remedies, Summit seeks an

injunction to prevent Defendants from further conducting their alleged illegal acts, $2,100,000 in statutory damages, $47,600 in attorney's fees, and post-judgment interest. Notwithstanding the fact that Summit is seeking the maximum possible statutory-damages award under the Copyright Act, there are other problems with Summit's Motion.

Upon consideration of the *Eitel* factors, the Court finds that it weighs against entering default judgment. Assuming proper proof of its claims, Summit would suffer prejudice if its Motion is not granted because Summit "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Electra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). But Summit fails to submit any evidence tending to prove that Defendants did the acts Summit complains has occurred. And the Court finds the bald allegations in Summitt's Complaint insufficient to establish the merits of its claims. While pleadings are admitted as true on default, Summit's pleadings do not allude at all (much less with the factual specificity required under *Iqbal* and *Twombly* to survive a motion to dismiss) to exactly how Defendants improperly accessed Summit's servers or how Defendants infringed Summit's copyrights. Notably, Summit does not indicate exactly what was downloaded from Summit's servers—Summit provides no filenames or descriptions of the data files that were taken. What Summit provides is a list of 13 copyrights. (Compl. Ex. 1.) There is also no evidence that the Defendants are the real perpetrators and Summit provides no explanation why Defendants are the persons they believe have committed the acts alleged. And given that the Complaint alleges illegal activity solely perpetrated via the Internet, there is a good possibility that there is a material dispute about the facts laid out in the Complaint.

Further, Summit seeks $2,100,000 in statutory damages under the Copyright Act, but has made no effort to prove actual damages, or to seek damages under its other causes of action. Indeed, the Court requested Summit to further brief this matter, to "explain why the Court should, in its discretion, award $150,000 in

statutory damages . . . instead of an award towards the lower $750 minimum limit. (ECF No. 44.) But instead of explaining the value of its infringed materials or the value of the harm it received, Summit essentially responded by asserting that $2,100,000 correlates with Defendants' egregious conduct as well as the revenue Summit obtained at the box office—$1.8 billion.

But upon closer inspection, only nine of these are registered copyrights. Even so, the earliest registration date of these nine copyrights is July 8, 2011. This Complaint was filed on August 1, 2011, and the Complaint vaguely alleges that Defendants began accessing the Summit servers in October 2010, and on other occasions in 2010 and 2011. But based on these allegations, the Court finds it unlikely that the infringing acts occurred after the July 8, 2011 registration date.

So even if the Court were to find Defendants liable for their alleged actions, Summit has failed to prove damages and is not entitled to statutory copyright damages. *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700 (9th Cir. 2008). And Defendants have not asserted damages under any cause of action other than copyright infringement.

Finally, the Court notes that it took Summit almost two years to serve the Defendants, that the Defendants are alleged to reside in Argentina, and that they were served via the Hague Convention. This gives rise to the possibility that Defendants' default was due to excusable neglect. Thus, all of the *Eitel* factors weigh against an entry of default judgment except for the first factor of prejudice against Summit. Under these circumstances, the Court finds that default judgment should not be entered.

/ / /
/ / /
/ / /
/ / /
/ / /

## IV.   CONCLUSION

For the foregoing reasons, Summit's Motion for Default Judgment is **DENIED**. (ECF No. 42.)  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

August 9, 2013

_____
         **OTIS D. WRIGHT, II
   UNITED STATES DISTRICT JUDGE**